CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
AUG 25 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES L. HICKS, # 00400089,<br>Plaintiff, | Civil Action No. 7:05-CV-00508 |
| v. | **MEMORANDUM OPINION** |
| LEE COUNTY JAIL, et al.<br>Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff James L. Hicks, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Hicks alleges that the defendants failed to provide him with adequate medical care in violation of the Eighth Amendment. Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted. Therefore, I dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

I. **Allegations and Claims**

In his complaint, Hicks alleges that on July 6, 2005 he was transported to the Lee County Jail from the Southwest Virginia Regional Jail Authority, Duffield Facility ("SWVRJA") for court proceedings. Following the court proceeding, while returning to the holding cell, Hicks admits that he "lost his footing" and fell down three steps landing on his elbows, lower back, and left foot. Hicks alleges that after helping him to his feet, the transport officer asked Hicks if he was alright and if he could wait to receive medical attention until he was returned to the SWVRJA. Although, Hicks does not state if he agreed to this delay, he makes no complaints

1

about the lack of immediate treatment. However, Hicks admits that he was immediately examined and treated by Nurse Deel on his return to the SWVRJA. She found that he had no broken bones, and, after cleaning and bandaging his elbows, had him returned to his cell block.

On July 7, 2005 Hicks filed a sick call request indicating that he was still experiencing pain in his elbows and lower back. On July 8, 2005 he admits that he spoke with Nurse Davis who then provided him with "Ice,Hot" for his back and a pain reliever. Hicks then filed another sick call request on July 12, 2005. Hicks was examined by the prison physician on July 19, 2005 and prescribed an additional pain reliever.

Hicks has not alleged that he continues to suffer significant pain from the fall, rather he complains primarily about the delay in the doctor's examination of his injuries and what he believes to be excessive charges for the medical care he received.

## II.     Analysis

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).

In his complaint Hicks has only named the Lee County Jail, SWVRJA, and the "medical staff" as defendants. None of these defendants are parties subject to suit under 42 U.S.C. §1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). However even if Hicks was given the opportunity to amend his complaint to name other

2

defendants, all his claims would still be dismissed as he has failed to make any allegation of fact which if true would amount to a Constitutional violation.

To the extent that Hicks alleges that he was denied adequate medical care in violation of the Eighth Amendment following his slip and fall, it must fail. In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). "'A serious medical need' is 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Shelton v. Angelone, 183 F.Supp.2d 830, 840 (W.D.Va. 2002) (quoting Cox v. District of Columbia, 834 F.Supp. 439, 441 (D.D.C. 1992). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment generally does not state a cognizable constitutional claim under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Mere malpractice or negligence in treatment does not amount to a claim of constitutional significance. Estelle, 429 U.S. at 105-06.

In his complaint, Hicks admits following his slip and fall on July 6, 2005 he was immediately examined and treated by Nurse Deel on his return to the SWVRJA. Additionally, Hicks admits that on the following day, July 7, 2005, he requested a sick call for continuing pain

and on July 8, 2005 was, again, briefly examined by a nurse and prescribed both an oral and topical pain reliever. Hicks then admits that he did not make another sick call request until July 12, 2005. Hicks was placed on the physician check list and was examined by a prison doctor on July 19, 2005. At that time, Hicks was again prescribed an oral pain reliever. As indicated by his claims, Hicks does not allege that he did not receive any treatment at all. Rather, he complains that medical staff failed to fully treat his pain. However, Hicks has not presented any evidence which suggests that staff ignored his injury. In fact, by Hick's own admission it is clear that the staff acted promptly to treat his injury and respond to his complaints. Hicks admits that his wounds were cleaned, bandaged, and that he was given both oral and topical pain relievers in response to his complaints. Although Hicks may be dissatisfied with this treatment plan, this amounts to nothing more than a disagreement between medical staff and inmate as to a proper course or time of treatment.

Additionally, to the extent that Hicks believes that staff failed to recognize or treat his medical needs, such disagreement does not rise to the level of a federal constitutional violation. Rather, such a claim would arise, if at all, under state medical malpractice laws and does not present a colorable claim under § 1983. See Estelle, supra, at 105-106.

As such, I find that Hicks has failed to state a viable § 1983 claim against anyone. Accordingly, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### III. Conclusion

Based on the foregoing, I find that Hicks has not presented any claims that constitute a

4

Case 7:05-cv-00508-JLK-mfu   Document 2   Filed 08/25/05   Page 4 of 5   Pageid#: 17

violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 26th day of August, 2005.

*[signature]*
Senior United States District Judge